Daniel E. Gustafson (admitted *pro hac vice*)
Dennis Stewart, CA Bar No. 99152
Abou B. Amara, Jr. (admitted *pro hac vice*)
**GUSTAFSON GLUEK PLLC**
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dstewart@gustafsongluek.com
aamara@gustafsongluek.com

*(Additional counsel listed on signature page)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BISHOY NESSIM**, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**FLIFF, INC.**,<br><br>Defendant. | Case No. 5:23-cv-01048-SSS-SHK<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING DELEGATION OF ARBITRABILITY** |

## I. RELEVANT PROCEDURAL BACKGROUND

On a motion to compel arbitration, courts determine (1) whether a valid agreement to arbitrate exists and, if so, (2) whether the agreement encompasses the dispute at issue. *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020). In situations where the parties "clearly and unmistakably" do so, they may delegate these two inquiries to an arbitrator for resolution. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). If it is not clear and unmistakable, these issues are for the Court to decide.

On August 2, 2023, Defendant Fliff, Inc. ("Fliff") moved to compel arbitration. ECF No. 36. On September 1, 2023, Plaintiff Bishoy Nessim ("Plaintiff") timely filed his Opposition to Fliff's Motion to Compel Arbitration ("Plaintiff's Opposition"). ECF. No. 39. Plaintiff's Opposition advised this Court that Fliff failed to argue that its arbitration terms clearly and unmistakably delegated arbitrability to the arbitrator and, as a result, the underlying arbitration motion was properly before this Court for resolution. *Id.*, at fn. 2. On September 15, 2023, in its *reply brief* in support of its arbitration motion, Fliff argued for the first time that by incorporating the American Arbitration Association's ("AAA") rules into its Sweepstakes Rules, the Parties clearly and unmistakably agreed to arbitrate arbitrability. *See* ECF No. 40, ¶ I ("Fliff's new reply argument"). On October 12, 2023, this Court ordered supplemental briefing, providing Plaintiff with an opportunity to respond to Fliff's new reply argument. *See* ECF No. 47.

Fliff's new reply argument should be rejected by this Court for two, independent reasons. *First*, having raised this new argument for the first time on reply, it should be deemed waived. Settled Ninth Circuit caselaw supports this result. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). *Second*, even if this Court considers Fliff's new reply argument, Fliff's chief reliance on *Brennan v. Opus Bank* is misplaced because *Brennan* does *not* apply to arbitration agreements

1
PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING DELEGATION OF ARBITRABILITY

contained in *consumer* contracts, as is the case here. *Brennan*, 796 F.3d at 1131 (stating that "we need not decide nor do we decide here the effect [if any] of incorporating [AAA] arbitration rules into *consumer* contracts or into contracts of any nature between unsophisticated parties.") (internal quotations omitted) (citation omitted) (emphasis added). Accordingly, Fliff's Motion to Compel Arbitration remains properly before this Court for resolution and should be denied.

## II.   ARGUMENT

### 1. FLIFF'S NEW DELEGATION OF ARBITRABILITY ARGUMENT IS WAIVED AS IT WAS NOT RAISED IN ITS PRINCIPAL BRIEF

*First*, this Court "need not consider arguments raised for the first time in a reply brief." *Zamani*, 419 F.3d at 997 (citation omitted). Declining to consider new arguments first raised in a reply brief is particularly apt when considering the arguments would "impact the Court's substantive determination of the merits" of the underlying motion. *See, e.g., Hupp v. San Diego County*, No. 3:12-cv-00492, 2014 WL 3573337, *1, *5 (S.D. Cal. July 21, 2014). The question of delegation is basic to the disposition of Fliff's arbitration motion, yet the sports betting company failed entirely to cite the incorporation of the AAA rules as a ground for delegating the issue to the arbitrator in its principal brief. As such, Fliff's new reply argument should be deemed waived.

### 2. THE NINTH CIRCUIT'S HOLDING IN *BRENNAN* DOES NOT APPLY TO *CONSUMER* CONTRACTS LIKE THE ONE HERE

*Second*, even if this Court considers Fliff's new reply argument, Fliff's argument should be rejected because it is incorrect as a matter of law. In arguing that the incorporation of AAA rules in its Sweepstakes Rules indicates that the parties agreed to arbitrate arbitrability, Fliff chiefly relies on the Ninth Circuit's holding in *Brennan v. Opus Bank,* 796 F.3d 1125 (9th Cir. 2015). *Brennan*, however, has no application here.

Although *Brennan* does hold that incorporation of the AAA's rules in an arbitration agreement negotiated by sophisticated parties constitutes "clear and

unmistakable" evidence that the contracting parties agreed to arbitrate arbitrability, the Ninth Circuit expressly declined to extend *Brennan*'s holding to *consumer* contracts or contracts of any nature between *un*sophisticated parties. *Brennan*, 796 F.3d at 1131 (*quoting Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1075 & fn. 2 (9th Cir. 2013)) ("But we need not decide nor do we decide here 'the effect [if any] of incorporating AAA arbitration rules into *consumer* contracts' or into contracts of any nature between 'unsophisticated' parties.") (emphasis added). District courts in this Circuit regularly reject applying *Brennan* in cases, like this, that involve *consumer* contracts. *See, e.g., Dupler v. Orbitz, LLC,* No. 2:18-cv-02303, 2018 WL 6038309, at fn. 1. (C.D. Cal. July 5, 2018) (arbitration agreement in consumer travel agreement); *Ingalls v. Spotify USA, Inc.*, No. 3:16-cv-03533, 2016 WL 6679561, *1, *4 (N.D. Cal. Nov. 14, 2016); (arbitration agreement in consumer music service agreement)*; Magill v. Wells Fargo Bank, N.A.,* No. 4:21-cv-01877, 2021 WL 6199649, at *1, *5 (N.D. Cal. June 25, 2021) (arbitration agreement in consumer credit agreement); *MacClelland v. Cello Partnership*, 609 F.Supp.3d 1024, 1031–1032 (N.D. Cal. 2022) (arbitration agreement in consumer wireless service agreement); *Eiess v. USAA Federal Savings Bank*, 404 F.Supp.3d 1240, 1253 (N.D. Cal. 2019) (arbitration agreement in consumer credit agreement).

  Simply put, the law in this Circuit is clear—*Brennan* does *not* apply in cases, such as this, with ordinary consumers as a party. *See Ingalls*, 2016 WL 6679561, at *3 ("[e]very district court decision in our circuit to address the question since *Brennan* has held that incorporation of the AAA rules [in an arbitration agreement] was *insufficient* to establish delegation in *consumer* contracts involving at least one unsophisticated party.") (emphasis added).

  Fliff was required to point this Court to clear and unmistakable evidence that the Parties agreed to delegate arbitrability. The only evidence proffered by Fliff

(incorporation of AAA rules in its Sweepstakes Rules) is insufficient as a matter of law.[1]

### III. CONCLUSION

For the foregoing reasons, Fliff's Motion to Compel Arbitration is properly before this Court for resolution and should be denied.

Dated: October 19, 2023       Respectfully submitted,

By: */s/ Abou B. Amara, Jr.*
Daniel E. Gustafson (admitted *pro hac vice*)
Abou B. Amara, Jr. (admitted *pro hac vice*)
**GUSTAFSON GLUEK PLLC**
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
aamara@gustafsongluek.com

Dennis Stewart
**GUSTAFSON GLUEK PLLC**
CA Bar No. 99152
600 W. Broadway, Suite 3300
San Diego, CA 92021
Tel: (619) 595-3299
dstewart@gustafsongluek.com

---

[1] Fliff also cites *Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069 (9th Cir. 2013) and *Portland Gen. Elec. Co. v. Liberty Mut. Ins. Co.*, 862 F.3d 981 (9th Cir. 2017). *See* ECF No. 40, ¶ I. These cases also do not apply here. *Oracle America*, like *Brennan*, clearly states it does not apply to *consumer* contracts. *Oracle America*, 724 F.3d at 1075, fn. 2 ("We express no view as to the effect of incorporating arbitration rules into *consumer* contracts.") (emphasis added). *Portland Gen. Elec.* does not apply because it involves an agreement between sophisticated business entities, like those expressly identified in *Brennan*. *See Portland Gen. Elec.*, 862 F.3d at 983–984. Neither case stands for the proposition that the incorporation of AAA rules supports delegation in a *consumer* contract.

Simon Bahne Paris (admitted *pro hac vice*)
Patrick Howard (admitted *pro hac vice*)
**SALTZ, MONGELUZZI,**
**& BENDESKY, P.C.**
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 575-3986
sparis@smbb.com
phoward@smbb.com

Conrad B. Stephens (CA Bar No. 266790)
**STEPHENS AND STEPHENS**
518 East Main Street
Santa Monica, CA 93454
Tel: (805) 922-1951
conrad@stephensfirm.com

*Counsel for Plaintiff and the Proposed Class*